IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS O. HALL, | : | |
| Plaintiff | : | Civil Action No. 1:10-cv-1172 |
| | : | |
| | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J. KOEHN, | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is a report and recommendation from Magistrate Judge Thomas M. Blewitt (Doc. No. 35) filed on January 11, 2011, recommending that Plaintiff's claims for monetary damages against Defendant in her official capacity be dismissed and that Defendant's motion for summary judgment (Doc. No. 16) be granted. Also before the Court is Plaintiff's objections[1] (Doc. No. 39) and Defendant's reply (Doc. No. 43). For the reasons that follow, the Court will adopt the report and recommendation in part.

**I.    STANDARD OF REVIEW**

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the report and recommendation, the Court is to make a de novo determination of those portions of the report

---

[1] According to Middle District of Pennsylvania Local Rule 72.3, a "party may object to a magistrate judge's proposed . . . recommendations . . . within fourteen (14) days after being served with a copy thereof." M.D. Pa. L.R. 72.3. Although Plaintiff's submission is titled a "Motion to Alter or Amend the Judgment," the Court will construe it liberally as an objection to Judge Blewitt's report. The Court notes that the objection is untimely; however, in the interest of justice the Court will allow the objection.

and recommendation to which objections are made.  28 U.S.C. § 636(b)(1).  Accordingly, in the present case, the Court reviews de novo the report and recommendation's grant of Defendant's motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[2]  The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal

---

[2] The Court notes that Rule 56 was revised by amendment effective December 1, 2010.  The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts."  Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments.  "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases."  Id.
    The Court applies the post-2010 Amendment Rule 56 provisions, as the Supreme Court has directed that the 2010 Amendments are to be retroactively applied.  See Order of the Supreme Court of the United States accompanying Letters from Chief Justice John G. Roberts, Jr., to Speaker of the House Nancy Pelosi and President of the Senate Joseph R. Biden, Jr. (Apr. 28, 2010).

memoranda, or oral argument." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322-23. Rule 56 also allows the Court to grant summary judgment as to some issues but not as to others. Specifically, the Court may "enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute," and thereby treat such a fact "as established in the case." Fed. R. Civ. P. 56(g).

## II. BACKGROUND

### A. Factual Background

Plaintiff Jesus O. Hall, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. (Doc. No. 1.) Plaintiff also filed a motion to proceed in forma pauperis. (Doc. No. 2.) Named as the sole defendant is Jamie Koehn, Case Manager at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania. According to Plaintiff, when he was incarcerated at USP-Canaan on March 14, 2009, at 1:30 p.m., he placed his hands in the food slot of his cell to protest his access to the law library and "something being in his lunch tray." (Doc. No. 1 at 3.) Plaintiff alleges that when Defendant stopped to ask him why his food slot was open, he pulled his arm into the slot but left his hands in plain view on the metal wicket. (Id.) Plaintiff avers that Defendant became agitated and "intentionally slammed the wicket from the outside and pressed her body weight onto it to inflict further injury." (Id.) Plaintiff alleges that Defendant's actions smashed his fingers, and that when he asked Defendant for medical attention she "left the range and stood

at the gate laughing with other officers." (Id. at 4.) Plaintiff states that he received medical attention approximately seven hours later. (Id.) According to the Bureau of Prisons medical report, attached to Plaintiff's complaint as Exhibit A-12, the medical exam noted the following:

> Awake, Alert, and Oriented to Person, Place, and Time. Inmate was ambulating around the cell without difficulty. Appeared to be moving all extremities without difficulty. Abrasions and dried blood noted to the 2nd and 3rd fingers, on the left hand, between the nailbed and the first knuckle. Good ROM noted in all digits.

(Doc. No. 1, Ex. A-12.)

Plaintiff was advised to wash the area with soap and water, and was "issued a packet of bacitracin ointment and band-aids to cover the affected areas." (Id.) According to Plaintiff, Defendant violated his Eighth Amendment rights when she slammed the wicket onto his fingers. (Doc. No. 1 at 2.)

According to paragraphs 4 through 11 of Defendant's Statement of Material Facts ("SMF"), Defendant wrote an incident report against Plaintiff on March 14, 2009. (Doc. No. 23 ¶¶ 4, 5.) The incident report charged Plaintiff with the prohibited act of engaging in a sexual act in violation of Code 205. (Id. ¶ 4.) Defendant described the incident as follows:

> On March 14, 2009, at approximately 1:40 P.M., as I was making rounds in the Special Housing Unit, I noticed the wicket was open on cell 147. There was a mirror propped up in the corner of the open wicket. The mirror was facing me. I looked into the open wicket and saw inmate Jesus Hall . . . squatted on the floor, with his jumpsuit unbuttoned and his penis fully exposed. Both of his hands were rubbing his exposed penis as he made eye contact with me in the mirror. I shut the door to the wicket and exited the range.

(Id. ¶ 6.) A Unit Discipline Committee ("UDC") hearing was held, and due to the seriousness of the offense the UDC referred the incident report to the Discipline Hearing Officer ("DHO") for further action. (Id. ¶ 7.) The DHO held a hearing on March 19, 2009. (Id. ¶ 8.) According to

4

the DHO's report notes, Plaintiff testified as follows:

> "She slammed my fingers in the slot. They did a medical assessment on my hand. It's a coverup. I had the wicket open. There wasn't a male staff member on the range. I told her to keep moving. She slammed the wicket. I got those same charges prior in my jacket." When further interrogatories were posed by the DHO Hall stated, "I was squatting in my cell. I didn't want her to see my penis. She said I had eye-contact with her. She said my penis was exposed masturbating with both hands." Hall also averred he was wearing a t-shirt and boxer shorts, denied wearing a jumpsuit, and stated "I never told her to stop at my cell. She ain't even my case manager." Lastly, Hall denied rubbing his penis, and admitted the mirror was resting on his food slot/wicket door and stated "I told her to keep stepping."

(Id. ¶ 9.)

After considering all the evidence, the DHO concluded that Plaintiff committed the prohibited act of engaging in sexual acts in violation of Code 205. (Id. ¶ 10.) The DHO specifically noted that Plaintiff's disciplinary history revealed "a propensity for committing sexual acts in the presence of others." (Id.) As a result, the DHO imposed sanctions "of disallowance of 27 days of Good Conduct Time, disciplinary segregation, impoundment of property (excluding religious and legal material), loss of commissary privileges and loss of telephone privileges." (Id. ¶ 11.)

### B. Procedural History

On September 15, 2010, Defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment. (Doc. No. 16.) Defendant filed a brief in support and a statement of facts on October 4, 2010. (Doc. Nos. 22, 23.) Defendant's sole argument in support of her motion is that Plaintiff's claims are barred by the favorable termination rule. (Doc. No. 22 at 7.) On October 20, 2010, Plaintiff filed a brief in opposition to Defendant's motion, arguing that the

favorable termination rule does not apply because his Eighth Amendment claim relates "only to the conditions and not the fact or duration of incarceration . . ." Defendant filed a reply brief on November 5, 2010. (Doc. No. 29.)

On January 11, 2011, Magistrate Judge Blewitt issued a report and recommendation advising that Plaintiff's claim for monetary damages against Defendant in her official capacity be dismissed with prejudice. (Doc. No. 35 at 14.) Judge Blewitt also granted Defendant's summary judgment motion, noting that Plaintiff's claims were barred by the favorable termination rule and Plaintiff had not show that his March 19, 2009 disciplinary conviction was expunged or overturned. (Id. At 18.) Plaintiff filed his objections to the report and recommendation on February 24, 2011. (Doc. No. 39.) Defendant's filed a brief in opposition to Plaintiff's objections on March 17, 2011. (Doc. No. 43.)

## III. DISCUSSION

Judge Blewitt recommends that Plaintiff's claim for monetary damages against Defendant in her official capacity be dismissed with prejudice. (Doc. No. 35 at 14.) Judge Blewitt also granted Defendant's summary judgment motion, noting that Plaintiff's claims were barred by the favorable termination rule and Plaintiff had not show that his March 19, 2009 disciplinary conviction was expunged or overturned. (Id. At 18.) In objecting to the report and recommendation, Plaintiff argues that his claims are not barred by the favorable termination rule because he is serving a life sentence without parole. (Doc. No. 39 at 3.) Plaintiff also objects to Judge Blewitt's findings that Plaintiff may not sue Defendant in her official capacity and that Defendant's SMF was undisputed. (Id. at 1-3.) The Court will address Plaintiff's objections in turn.

### A. Favorable Termination Rule

Plaintiff's first objection to the report and recommendation is that his claims are not barred by the favorable termination rule because he is serving a life sentence without parole. (Doc. No. 39 at 3.) In support of his argument, Plaintiff attaches as an exhibit a copy of an Inmate Request he had made on January 22, 2011, asking if he was eligible to earn "good time credits." (Doc. No. 39 at 5.) In response to Plaintiff's inquiry, a BOP staff member stated that Plaintiff was not eligible for Good Conduct Time ("GCT") because he is "serving a non-parolable life sentence." (Id.) Plaintiff argues that because he does not earn GCT, the sanctions imposed by the DHO did not alter the length of his incarceration and thus his claims are not subject to the favorable termination rule. (Id. at 3.) In Defendant's brief in opposition to Plaintiff's objections, she "concedes that [Plaintiff's] claim is not barred by the favorable termination rule." (Doc. No. 43 at 7.)

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established,

necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47.

Plaintiff is serving a life sentence and therefore is not eligible to earn GCT. See 18 U.S.C. § 3624(b)(1) ("[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served . . . ."). Thus, because success on Plaintiff's claim would not necessarily imply the invalidity of the fact or duration of his confinement, the Court finds that Plaintiff's claims are not barred by the favorable termination rule. See Torres v. Fauver, 292 F.3d 141, 149-50 (3d Cir. 2002) ("The favorable termination rule does not apply when a prisoner's [civil rights] claims can implicate only the conditions, and not the fact or duration, of his confinement."); see also Arango v. Winstead, 352 F. App'x 664, 665 (3d Cir. 2009) (finding that plaintiff's claim was not barred by the favorable termination rule because the disciplinary sanctions did not alter the length of her incarceration). For these reasons, the Court will not adopt the recommendation of Judge Blewitt that Defendant's motion for summary judgment be granted.

      **B.    Dismissal of Plaintiff's Claims Against Defendant in Her Official Capacity**

In his report and recommendation, Judge Blewitt noted that Plaintiff's complaint does not indicate whether he is suing Defendant in her official or personal capacity. (Doc. No. 35 at 13.) Judge Blewitt found that to the extent that Plaintiff seeks monetary damages against Defendant, he may only sue Defendant in her personal capacity. (Id. at 13-14.) The Court agrees. See

FDIC v. Meyer, 510 U.S. 471, 483 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979). Plaintiff states that he intended to sue Defendant in her individual capacity and argues that he should be given an opportunity to amend his complaint to clarify in which capacity he is suing Defendant. (Doc. No. 39 at 1-2.) The Court notes that Judge Blewitt only recommended dismissal of Plaintiff's claims for monetary damages insofar as they are brought against Defendant in her official capacity. (Doc. No. 35 at 14, 21.) Plaintiff's claims for monetary damages against Defendant in her personal capacity are not dismissed. Accordingly, Plaintiff's objection on this matter is overruled.

### C. Plaintiff's Dispute of Defendant's Statement of Material Facts

Finally, Plaintiff objects to Judge Blewitt's finding that Defendant's SMF was undisputed. Plaintiff argues that he disputed Defendant's SMF with, inter alia, "sworn affidavits explaining his version of what happened that day . . . ." (Doc. No. 39 at 2.) However, Judge Blewitt noted that only paragraphs 4 through 11 of Defendant's SMF would be accepted as undisputed. (Doc. No. 35 at 8.) As noted supra, these paragraphs of Defendant's SMF discussed the disciplinary proceedings held against Plaintiff. (See Doc. No. 23 ¶¶ 4-11.) The Court finds no error in Judge Blewitt's findings that Plaintiff failed to properly respond to those paragraphs, Defendant properly cited to evidence in the record in support of these material facts, and the evidence went undisputed by Plaintiff. (Id. at 35.) Therefore, Plaintiff's object on this issue fails.

### IV. CONCLUSION

For the foregoing reasons, the Court will adopt the report and recommendation of Magistrate Judge Blewitt in part. To the extent that Plaintiff raises claims for monetary damages

against Defendant in her official capacity, these claims are dismissed with prejudice. Because Plaintiff's claims are not barred by the favorable termination rule, Defendant's motion for summary judgment is denied. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS O. HALL, | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-1172 |
| | : | |
| | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J. KOEHN, | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, on this 7th day of June 2011, pursuant to the accompanying memorandum, it is **HEREBY ORDERED THAT**:

1. The report and recommendation (Doc. No. 35) is **ADOPTED IN PART**.

2. Plaintiff's claims for monetary damages against Defendant in her official capacity are **DISMISSED WITH PREJUDICE**.

3. Defendant's motion to dismiss, or in the alternative, motion for summary judgment (Doc. No. 16) is **DENIED**.

4. Defendant shall file an answer or appropriate pretrial motion within thirty days of the date of this order.

5. The matter is **REMANDED** to Magistrate Judge Blewitt.

                                                  S/ Yvette Kane
                                                  Yvette Kane, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania