IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESUS O. HALL,** : | |
|     **Plaintiff** : | Civil Action No. 1:10-cv-01172 |
| : | |
| **v.** : | |
| : | (Chief Judge Kane) |
| **J. KOEHN.,** : | |
|     **Defendant** : | |

## MEMORANDUM ORDER

Presently pending before the Court is the Report and Recommendation of Magistrate Judge Blewitt (Doc. No. 96) addressing Plaintiff's motion for a preliminary injunction or a temporary restraining order (Doc. No. 89), as well as objections thereto filed by Plaintiff (Doc. No. 97) and Defendant's response (Doc. No. 100).[1] For the reasons that follow, the Court will adopt the Report and Recommendation.

## I.     BACKGROUND

Plaintiff, an inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), has raised an excessive force claim under the Eighth Amendment against Defendant, a USP-Lewisburg case manager, pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that, on March 14, 2009, while his hands were in the food tray slot of his cell, Defendant "intentionally slammed the wicket [attached to the slot] from the outside and pressed her weight onto it to inflict further injury." (Doc. No. 1 at 2-3.) Plaintiff asserts that he suffered

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

"mental and emotional injury" as a result of this incident. (Id. at 5.) On November 1, 2011, Plaintiff filed a motion for a preliminary injunction or a temporary restraining order, alleging that, in retaliation against him for filing the instant lawsuit, Special Investigative Agent Perrin and Captain Trate removed him from his cell and transferred him to a more restrictive unit and Perrin transferred him to the Federal Transfer Center in Oklahoma City and then back to USP-Lewisburg. Further, Plaintiff contends that his procedural due process rights and right to access the Court were violated as a result of these transfers because Bureau of Prison procedures were not followed. Plaintiff appears to request the Court to order that Plaintiff be placed in a less restrictive unit and be allowed to finish his original placement in the Special Management Unit ("SMU") program. Defendant contends that Plaintiff's motion should be denied because Plaintiff has not satisfied the required elements for the issuance of a preliminary injunction and because the relief he seeks is unrelated to the excessive force claim at issue in this case.

## II.  DISCUSSION

In his report, Judge Blewitt recommends that Plaintiff's motion be denied because Plaintiff has failed to show that he will suffer irreparable injury if his motion is not granted and has failed to demonstrate a reasonable likelihood of success on the merits, as the relief he seeks is unrelated to the excessive force claim he raised against Defendant. The Court will address Judge Blewitt's recommendation as well as Plaintiff's objections in turn.

Plaintiff's objections to the Report and Recommendation appear to be that Judge Blewitt incorrectly found that Special Investigative Agent Perrin did not retaliate against Plaintiff for filing the instant lawsuit and that Plaintiff's rights to procedural due process and to access the Court were not violated. Plaintiff, however, does not make specific objections to Judge

Blewitt's conclusions regarding the elements that Plaintiff must satisfy before the Court may grant a motion for a preliminary injunction or a temporary restraining order. When ruling on a motion for a preliminary injunction, the Court must consider the following factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006). These same factors are used to determine whether to grant a temporary restraining order. See Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). As a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 & n.8 (3d Cir. 1994); see also Ball v. Famigilio, 396 F. App'x 836, 837 (3d Cir. 2010).

  Plaintiff fails to make a clear showing that there is a likelihood of success on the merits or that he will suffer irreparable injury if his motion is denied. First, the Court finds that Plaintiff has not demonstrated "a relationship between the injury claimed in . . . [his] motion and the conduct asserted in the complaint." Ball, 396 F. App'x at 837 (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). The individuals whose conduct Plaintiff seeks to enjoin – particularly, Special Investigative Agent Perrin – are not named as defendants in this action. Further, the allegations Plaintiff raises and the relief he requests are entirely unrelated to the allegations contained in his complaint. See Devose, 42 F.3d at 471 (affirming denial of injunction sought after the plaintiff raised "new allegations of mistreatment that are entirely different from the claim raised and the relief requested in [plaintiff's] inadequate medical

treatment lawsuit"). Therefore, the Court concludes that Judge Blewitt correctly found that Plaintiff failed to make a clear showing that there is a likelihood of success on the merits.

Second, based upon the record before the Court, Plaintiff has failed to establish that he will suffer irreparable injury if his motion is denied. After a de novo consideration of the record, the Court finds that Judge Blewitt correctly determined that Plaintiff's placement in the SMU program does not violate his procedural due process rights and that he has not been deprived of his right to access the Court. Moreover, Defendant has submitted evidence that Plaintiff has failed to exhaust his administrative remedies and, as Judge Blewitt noted, once Plaintiff does so, he may have the opportunity to file a civil rights action against the proper parties. (Doc. No. 96 at 13; Doc. No. 100 at 12-13.) Therefore, the Court concludes that Judge Blewitt correctly found that Plaintiff failed to make a clear showing of irreparable injury.

**ACCORDINGLY**, on this 19th day of January 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 96) is **ADOPTED**, and Plaintiff's motion for a preliminary injunction or a temporary restraining order (Doc. No. 89) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania