IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS O. HALL, : | |
|     Plaintiff : | Civil Action No. 1:10-cv-01172 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| J. KOEHN, : | (Magistrate Judge Blewitt) |
|     Defendant : | |

**<u>MEMORANDUM ORDER</u>**

Presently pending before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. No. 126) addressing Defendant's motion for summary judgment (Doc. No. 113), as well as Plaintiff's objections (Doc. No. 127) and Defendant's response (Doc. No. 128). For the reasons that follow, the Court will adopt the Report and Recommendation.

On June 2, 2010, Plaintiff Jesus O. Hall, currently an inmate at the United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania, filed a <u>pro se</u> complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging a violation of his Eighth Amendment right to be free from excessive force by Defendant J. Koen, a prison official, while he was incarcerated at the United States Penitentiary in Waymart, Pennsylvania ("USP Canaan"). (Doc. No. 1.) Plaintiff bases his Eighth Amendment excessive force claim on a March 14, 2009 incident during which he alleges Defendant intentionally shut the metal wicket attached to his cell's food tray slot and pressed her weight against it while his hands were in the slot. (<u>Id.</u> at 2-3.) Defendant filed a motion for summary judgment on December 29, 2011. (Doc. No. 113.)

The factual details and legal standards governing Defendant's motion for summary judgment are comprehensively set forth in Magistrate Judge Blewitt's report and need not be

reproduced here. In his report, Magistrate Judge Blewitt recommends that Defendant's motion for summary judgment be granted. (Doc. No. 126.) Specifically, Magistrate Judge Blewitt found that while there is a dispute of fact as to whether Defendant closed the wicket on Plaintiff's fingers, the dispute is not material because Plaintiff failed to produce evidence establishing that Defendant's use of such force violates the Eighth Amendment. (<u>Id.</u> at 30.) Although Plaintiff's objections to the Report and Recommendation lack merit, the Court will address them briefly.

Plaintiff's first objection is that Magistrate Judge Blewitt failed to view the evidence in the light most favorable to Plaintiff and unfairly held him to "a high level of understanding . . . the Local Rules." (Doc. No. 127 at 1-4.) In support of this objection, Plaintiff repeatedly states that Magistrate Judge Blewitt deemed Defendant's entire statement of material facts admitted because Plaintiff failed to properly respond to the statement of material facts. This objection is without merit. Although Magistrate Judge Blewitt did deem Defendant's statement of material facts undisputed because Plaintiff failed to respond to the statement and because Defendant supported each fact with a citation to the record, he also considered all of the evidence Plaintiff produced in opposition to Defendant's motion. (Doc. No. 126 at 9, 27-29.)

Plaintiff next contends that the evidence of record reflects that Defendant had a sufficiently culpable state of mind when she closed his food tray slot. (Doc. No. 127 at 4-13.) The Court will construe this contention as objections to Magistrate Judge Blewitt's findings that Defendant shut the wicket as a security measure and did so using only a <u>de minimis</u> amount of force. First, Plaintiff contends that Defendant did not shut the wicket as a security measure because Defendant admitted that she did not observe Plaintiff engaging in violent behavior.

(Doc. No. 127 at 5.)  The Court does not agree.  Defendant produced evidence that open wickets present safety hazards to correctional staff, that she observed Plaintiff engaging in a sexual act, and that Plaintiff was later disciplined for engaging in a sexual act.  (Doc. No. 126 at 32-33.)  Next, Plaintiff repeatedly asserts that after Defendant shut the wicket, she walked away with a smirk on her face.  (Doc. No. 127 at 5.)  The Court has reviewed the video camera footage capturing this incident and finds that Defendant's facial expression – to the extent that it can be interpreted – does not demonstrate that Defendant shut the wicket with the intent to cause harm to Plaintiff.  Indeed, the Court agrees with Magistrate Judge Blewitt's conclusion that the footage reveals that "Defendant did not put her weight into the wicket door when she closed it and that she did not slam it as Plaintiff has alleged.  Rather, Defendant simply lifts the wicket door shut with her left hand and it does not appear forceful."  (Doc. No. 126 at 29.)  Finally, Plaintiff's related objections regarding Defendant's failure to inform medical staff that Plaintiff could have been injured, Defendant's job duties at the time of the incident, and Defendant's training in "confrontational avoidance problems" do not persuade the Court to depart from Magistrate Judge Blewitt's recommendation that the amount of force exercised by Defendant was de minimis.

The bulk of Plaintiff's remaining objections concern Magistrate Judge Blewitt's findings regarding the injuries Plaintiff suffered as a result of the incident at issue.  In his report, Magistrate Judge Blewitt thoroughly assessed the record evidence regarding Plaintiffs' injuries, concluding that the only injuries Plaintiff may have suffered due to the incident were de minimis.  Upon a de novo consideration of this portion of the Report and Recommendation, the Court detects no error therein.  The Court, therefore, will overrule all of Plaintiff's objections relating to Magistrate Judge Blewitt's findings and recommendations regarding his injuries.

In sum, the Court agrees with Magistrate Judge Blewitt's findings that Plaintiff's Eighth Amendment excessive force claim fails as a matter of law.

**ACCORDINGLY**, on this 23rd day of July 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 126) is **ADOPTED**, and Defendant's motion for summary judgment (Doc. No. 113) is **GRANTED**. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
